**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LILLIONA CALDWELL** **CIVIL ACTION**

**VERSUS** **NO. 25-959-SDD-EWD**

**LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 18, 2026.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LILLIONA CALDWELL** **CIVIL ACTION**

**VERSUS** **NO. 25-959-SDD-EWD**

**LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are the following motions: the Motion to Dismiss ("DEQ's Motion to Dismiss"),[1] filed by Defendant the State of Louisiana, through the Department of Environmental Quality ("DEQ"); the Motion to Dismiss ("Tusa's Motion to Dismiss"),[2] filed by Defendant Brian Tusa (together, the "Motions to Dismiss"); and the Motion for Service by the United States Marshals Service, filed by Lilliona Caldwell ("Plaintiff").[3] Plaintiff opposed the Motions to Dismiss.[4] It is recommended that DEQ's Motion to Dismiss be denied as moot as Plaintiff timely served DEQ. It is further recommended that Tusa's Motion to Dismiss be denied as Plaintiff timely attempted to serve Tusa and now seeks to have the United States Marshals Service serve Tusa, which Plaintiff is entitled to as she is proceeding in forma pauperis. It is further recommended that Plaintiff's Motion for Service by the United States Marshals Service be granted.

## I. Background

Plaintiff filed this suit on or about October 20, 2025.[5] On October 22, 2025 this Court authorized Plaintiff to proceed in forma pauperis (without paying costs and fees) and ordered the Clerk of Court to issue process once Plaintiff submitted the summonses and addresses for the

---

[1] R. Doc. 7. Documents in the record are referred to as "R. Doc. __."

[2] R. Doc. 25.

[3] R. Doc. 28. Defendants did not oppose the Motion and the time to do so has expired.

[4] R. Docs. 19, 27.

[5] R. Doc. 1.

defendants.[6] Summonses were issued that same day.[7] DEQ's Motion to Dismiss was filed on December 5, 2025, because Plaintiff had not requested service on all necessary parties as required by La. R.S. § 39:1538 and La. R.S. § 13:5107(A)(2).[8] On December 29, 2025, Plaintiff requested additional time to respond to DEQ's Motion to Dismiss. Plaintiff's request was granted on January 5, 2026,[9] and Plaintiff was given until January 12, 2026 to respond to DEQ's Motion to Dismiss. Plaintiff responded to DEQ's Motion to Dismiss by the extended deadline.[10]

On December 29, 2025, summonses were returned executed as to Defendants April Wallace, DEQ, and Nathan Prince, and a summons was returned unexecuted for Brian Tusa.[11] On January 7, 2026, additional summonses were issued as to DEQ for its agent, Attorney General Liz Murrill; its agent, Secretary Courtney Burdette; and its agent, Office of Risk Management, Marsha Pemble.[12] The executed summonses for DEQ's agents were filed into the record on January 21, 2026.[13] On February 12, 2026, Tusa filed his Motion to Dismiss as the 90 days to serve under Rule 4(m) had expired and service still had not been executed.[14] Plaintiff timely filed her opposition to Tusa's Motion to Dismiss, stating that she attempted to serve Tusa but was unsuccessful.[15] The

---

[6] *See* R. Docs. 2, 3.

[7] R. Doc. 4.

[8] R. Doc. 7.

[9] R. Docs. 12, 14.

[10] R. Doc. 19.

[11] R. Doc. 13. The Process Receipt and Return for Tusa states "not in the office on both attempts." R. Doc. 13, p. 4.

[12] R. Doc. 15.

[13] R. Doc. 21. The Process Receipt and Returns are dated January 13, 2026, but were not filed into the record until January 21, 2026.

[14] R. Doc. 25.

[15] R. Doc. 27.

same day, Plaintiff filed the motion requesting service on Tusa by the United States Marshals Service ("USMS").[16]

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 4(m) provides for the dismissal of an action without prejudice if a plaintiff fails to serve the defendant within 90 days of the filing of the complaint. However, if a plaintiff shows good cause for the failure to serve the defendant within the 90-day period, the court must extend the time for service for an appropriate period. To determine whether good cause exists, the Court looks at the actions of the plaintiff during the relevant time period.[17] Whether a plaintiff has made a showing of good cause "is necessarily fact-sensitive" and depends on the particular circumstances of the case.[18] Good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.[19] If the plaintiff fails to show good cause, the court may, in its discretion, dismiss the case without prejudice or grant a further extension of time.[20]

### A. DEQ's Motion to Dismiss[21]

Plaintiff's Complaint was filed on October 20, 2025, giving Plaintiff until January 20, 2026 to serve the defendants.[22] DEQ's Motion to Dismiss was filed on December 5, 2025, and argued

---

[16] R. Doc. 28.

[17] *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985), Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165.

[18] *Lindsey v. United States Railroad Retirement Board*, 101 F.3d 444, 446 (5th Cir. 1996).

[19] *Id*.

[20] *Hunter v. Goodwill Industries*, No. 05-2698, 2006 WL 1968860, at *1 (E.D. La. July 13, 2006), citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). This Court's Local Civil Rule 41(b)(1)(A) also provides that "[a] civil action may be dismissed by the Court for lack of prosecution…[w]here no service of process has been made within 90 days after filing of the complaint."

[21] R. Doc. 7.

[22] As the ninetieth (90th) day for service fell on a Sunday and as January 19, 2026 was a federal holiday, Plaintiff had until Tuesday, January 20, 2026 to serve process. *See* Federal Rule of Civil Procedure 6(a).

that because Plaintiff had not requested proper service on DEQ under La. R.S. § 39:1538 and La. R.S. § 13:5107(A)(2), the case should be dismissed.[23] Alternatively, DEQ requested that the Court order Plaintiff to properly serve DEQ. At the time DEQ's Motion to Dismiss was filed, a summons for DEQ had only been issued as to "Louisiana Department of Environmental Quality."[24]

On January 7, 2026, additional summonses were issued for the Attorney General; Secretary of DEQ, Courtney Burdette; and the Office of Risk Management.[25] The service returns for the additional summonses were entered into the record January 21, 2026.[26] However, the Attorney General, Office of Risk Management, and Secretary of DEQ were served on January 13, 2026.[27] Therefore, DEQ was served within ninety (90) days of the filing of Plaintiff's Complaint as

---

[23] La. R.S. § 39:1538 states in relevant part:

A. Claims against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or such agency, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted in accordance with the provisions specified in this Chapter.

….

D. In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107.

La. R.S. § 13:5107(A) states in relevant part:

(1) In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

(2) Service shall be requested upon the attorney general within ninety days of filing suit. This shall be sufficient to comply with the requirements of Subsection D of this Section and also Code of Civil Procedure Article 1201(C). However, the duty of the defendant served through the attorney general to answer the suit or file other responsive pleadings does not commence to run until the additional service required upon the department, board, commission, or agency head has been made.

[24] *See* R. Doc. 4, pp. 1-2. Though this document was returned executed, Plaintiff still needed to serve DEQ in compliance with La. R.S. 39:1538 and La. R.S. 13:5107(A)(2). *See* R. Doc. 13, pp. 5-6.

[25] R. Doc. 15.

[26] R. Doc. 21.

[27] R. Doc. 21, pp. 2, 4, and 6.

required by Louisiana and federal law. DEQ's Motion to Dismiss notified Plaintiff of a potential defect in service before expiration of the service deadline, which Plaintiff remedied. Further, DEQ seemingly recognizes that service was perfected after its Motion to Dismiss was filed as DEQ has now answered Plaintiff's Complaint.[28] Because service on DEQ was perfected within the allowable time period, it is recommended that DEQ's Motion to Dismiss be denied.

**B. Tusa's Motion to Dismiss[29] and Plaintiff's Motion for Service by the USMS[30]**

Tusa also requests that Plaintiff's claims against him be dismissed or that Plaintiff be ordered to perfect service on Tusa.[31] Plaintiff does not contest that Tusa has not been served.[32] According to the service return, dated November 17, 2025, the private process server Plaintiff hired made two unsuccessful attempts to serve Tusa.[33] Though Plaintiff made no other attempts to serve Tusa within the 90-day time period, Plaintiff timely attempted service on Tusa, and has now sought to have the USMS serve Tusa. Plaintiff's timely service on DEQ and timely failed service attempt on Tusa evidence Plaintiff's efforts to effectuate service in this case. Additionally, Plaintiff sought to have the USMS serve Tusa just twelve (12) days after Tusa's Motion to Dismiss was filed. Though the time to serve has expired, Plaintiff's attempted service on Tusa and her diligence in attempting to remedy the service defect after being made aware of it is sufficient good cause. The Court has no reason to believe that Plaintiff, who is representing herself, intends to delay the proceedings as she has diligently sought to remedy any service defects. Additionally, allowing Plaintiff additional time to serve Tusa does not appear prejudicial, as Tusa requests that Plaintiff

[28] R. Doc. 24.

[29] R. Doc. 25.

[30] R. Doc. 28.

[31] R. Doc. 25, p. 1.

[32] R. Doc. 27.

[33] R. Doc. 13, pp. 3-4.

be ordered to perfect service on him as alternative relief.[34] Finally, because Plaintiff's Motion for Service by the United States Marshals Service[35] will be granted, service on Tusa should be effected relatively quickly, such that the proceedings will not be further delayed. If Plaintiff fails to timely show that she has cooperated with USMS to effect service, Tusa may reurge a motion to dismiss.

Considering the foregoing, it is recommended that Defendant Tusa's Motion to Dismiss be granted in part to the extent it asks that Plaintiff be required to perfect service on Tusa. It is further recommended that Plaintiff's Motion for Service by USMS be granted so that service on Tusa can be effected. The Clerk of Court should be instructed to re-issue a summons for Defendant Tusa. Plaintiff should be required to provide the USMS with a completed USM Form 285 (same form used previously) for Defendant Tusa within twenty-one (21) days of a ruling adopting this Report and Recommendation. Plaintiff should also be required to file proof into the record that she provided a completed USM Form 285 to the USMS for Tusa. Finally, Plaintiff should be warned that if she fails to file the required proof into the record, her claims against Defendant Tusa may be dismissed without further notice.[36]

## RECOMMENDATION

**IT IS RECOMMENDED** that the Motion to Dismiss,[37] filed by Defendant the State of Louisiana, through the Department of Environmental Quality, be **DENIED** as DEQ was properly served within the time period provided by law.

[34] R. Doc. 25, p. 1, ¶ 3; R. Doc. 25-2, pp. 2-3.

[35] R. Doc. 28. Defendants did not oppose the Motion and the time to do so has expired.

[36] Although a plaintiff, such as Caldwell, who is proceeding as a pauper "'is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process where such failure is through no fault of the litigant ….'" (*Ellibee v. Leonard*, 226 Fed.Appx. 351, 358 (5th Cir. 2007), citing *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)), Plaintiff must timely provide the necessary information to USMS to permit service.

[37] R. Doc. 7.

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss,[38] filed by Defendant Brian Tusa, be **GRANTED IN PART** to the extent the Motion requests that the Court order Plaintiff to properly serve Defendant Tusa. It is recommended that Tusa's Motion to Dismiss be denied in all other respects. Further, service should be ordered on Tusa as outlined below.

**IT IS FURTHER RECOMMENDED** that the Motion for Service by the United States Marshals Service,[39] filed by Plaintiff Lilliona Caldwell, be **GRANTED**. If this Report and Recommendation is adopted, the Clerk of Court should be instructed to re-issue the summons for Defendant Brian Tusa. The United States Marshal Service ("USMS") should be ordered to serve the summons and Complaint on Defendant Brian Tusa wherever found. Plaintiff Liliona Caldwell should be required to provide the USMS with a completed U.S. Marshal Form 285 for Defendant Brian Tusa by no later than 21 days after summons is issued, as USMS will not serve Brian Tusa without a properly competed form. Plaintiff should further be ordered to file proof into the record that she has provided the completed USM Form 285 for Defendant Tusa to the USMS within 21 days of the issuance of the summons. Finally, Plaintiff should be warned that if she fails to file the required proof into the record, her claims against Defendant Tusa may be dismissed without further notice.

Signed in Baton Rouge, Louisiana, on August 18, 2026.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

[38] R. Doc. 25.

[39] R. Doc. 28.